# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| SALIM HAJIANI, | |
| Plaintiff, | CIVIL ACTION NO.: 4:18-cv-207 |
| v. | |
| ASSOCIATION OF CERTIFIED FRAUD EXAMINERS, INC.; and JAMES D. RATLEY, | |
| Defendants. | |

## **O R D E R**

This is a *pro se* civil rights action in which Plaintiff alleges that he was discriminated against because of his race, religion, color, alienage, ethnicity and/or national origin when Defendants terminated his membership in the Association of Certified Fraud Examiners, Inc. (the "ACFE"). (Doc. 1-1.) On September 5, 2018, Defendants, who had removed the case to this Court from the Superior Court of Chatham County, (doc. 1), filed a Motion to Dismiss on the bases that neither Defendant had been properly served, that Plaintiff's federal law claims are barred by the statute of limitations, and that Defendant James Ratley should be dismissed because Plaintiff's Complaint does not contain any factual allegations concerning him, (doc. 6-1).

In its May 8, 2019 Order on the Motion to Dismiss, the Court found that neither Defendant had been properly served, that Plaintiff failed to allege sufficient factual allegations to enable the Court to determine whether the applicable statutes of limitations barred the claims, and that Plaintiff had failed to allege sufficient factual allegations to state a claim for relief against James Ratley. Rather than dismiss Plaintiff's case, however, the Court ordered him to either submit an

Application to Proceed in District Court Without Prepaying Fees or Costs (which, if submitted and granted, would have meant the United States Marshal Service would handle effectuating service on Defendants) within 14 days of the Order, or, in the alternative (if he did not file the application), to effectuate service of process on both Defendants within 45 days of the Order. (Doc. 11, p. 17.) With regard to the inadequacy of the factual allegations in the Complaint, the Court ordered Plaintiff to file an amended complaint, within 21 days,

> describing with specificity: (1) the allegedly discriminatory act(s), including whether Plaintiff contends he was wrongfully denied membership into an association or group or whether he claims his existing membership was wrongfully terminated; (2) the date(s) on which the allegedly discriminatory act(s) occurred; and (3) the identity of the Defendant(s) who allegedly engaged in the specified discriminatory act(s).

(Id.)

More than five months have passed, and the docket for this case indicates that Plaintiff has taken no action in response to the Order and the directives contained therein. (The Court's May 8, 2019 Order is the most recent filing in the case.) While it is noteworthy that Plaintiff failed to comply with the Court's order that he file an amended complaint containing specific information, the most important requirement that Plaintiff has apparently ignored is service of process. There is no indication that Plaintiff has made any effort toward effectuating service of process on either Defendant, despite being told that his prior attempts were ineffective and that he could potentially receive assistance from the United States Marshal Service if he completed and submitted the application that was provided to him. Because Plaintiff failed to serve either Defendant properly, despite being given a second chance to do so after the expiration of Fed. R. Civ. P. 4(m)'s 90-day time limit, the Court lacks jurisdiction over Defendants and must dismiss the case. See Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice

against that defendant or order that service be made within a specified time."). Additionally, the Court has authority to dismiss the case with or without prejudice due to Plaintiff's apparent "[w]illful disobedience [and] neglect of an[] order of the Court" and his "failure to prosecute [this] civil action with reasonable promptness." S.D. Ga. L.R. 41.1.

In an abundance of caution, the Court **ORDERS** Plaintiff to show cause, in writing, within **fourteen (14) days** of this Order, why the Court should not dismiss this case due to Plaintiff's failure to serve Defendants during the extended time period provided by the Court in its May 8, 2019 Order, his failure to comply with the mandates placed upon him in that Order, and his failure to prosecute this case. If Plaintiff fails to show such cause, the Court will dismiss the case.

**SO ORDERED**, this 15th day of October, 2019.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA