IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

SALIM HAJIANI,

    Plaintiff,

v.

ASSOCIATION OF CERTIFIED FRAUD EXAMINERS, INC.; and JAMES D. RATLEY,

    Defendants.

CIVIL ACTION NO.: 4:18-cv-207

## **O R D E R**

This matter is before the Court due to Plaintiff's failure to serve Defendants as well as his failure to respond to the Court's Order requiring him to show cause why this case should not be dismissed for lack of service and several other shortcomings, (see doc. 12). Plaintiff has failed to respond to that Order, has entirely failed to prosecute this case, and has repeatedly and willfully disregarded this Court's instructions. Consequently, the Court **DISMISSES** this action **WITH PREJUDICE**.

**BACKGROUND**

Previously, in response to a Motion to Dismiss filed by both Defendants, (doc. 6-1), the Court issued an Order finding that neither Defendant had been properly served, that Plaintiff had failed to allege sufficient factual allegations to enable the Court to determine whether the applicable statutes of limitations barred his claims, and that Plaintiff had failed to allege sufficient factual allegations to state a claim for relief against James Ratley, (doc. 11). Rather than dismiss Plaintiff's case, however, the Court ordered him to either submit an Application to Proceed in

District Court Without Prepaying Fees or Costs (which, if submitted and granted, would have meant the United States Marshal Service would handle effectuating service on Defendants) within 14 days of the Order, or, in the alternative (if he did not file the application), to effectuate service of process on both Defendants within 45 days of the Order. (Id. at p. 17.) The Court also ordered Plaintiff to file an amended complaint pleading his claims with greater specificity. (Id.)

When more than five months passed without Plaintiff having taken any action in response to the Order and the directives contained therein, the Court issued a follow-up Order, requiring Plaintiff to show cause, in writing, within fourteen days, why the Court should not dismiss the case due to Plaintiff's failure to serve Defendants during the extended time period provided by the Court in its prior Order, his failure to comply with the mandates placed upon him in that Order, and his failure to prosecute the case. (Doc. 12, p. 3.) The Court explicitly warned that, "[i]f Plaintiff fail[ed] to show such cause, the Court [would] dismiss the case." (Id.) Plaintiff has entirely failed to take any action in this case in the months following that Order.

## DISCUSSION

A district court may dismiss a plaintiff's claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") and the court's inherent authority to manage its docket. Link v. Wabash Railroad Company, 370 U.S. 626 (1962);[1] Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R.

---

[1] In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633. Nonetheless, in the case at hand, the Court advised Plaintiff on multiple occasions of the consequences of his failure to comply with this Court's orders and failure to prosecute this case.

2

Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. S.D. Ga. L.R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court."). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)); see also, Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

Dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366).

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action with prejudice is warranted. Far more than fourteen days have passed since the Court's latest directive, and Plaintiff has once again neglected to take any action in response to the Court's Order and the directives contained therein. As laid out above and in the Court's prior Orders, Plaintiff has inexcusably delayed the prosecution of this action. The Court has given Plaintiff

numerous opportunities to correct his failure to prosecute, and in response Plaintiff has shown willful contempt of the Court's directives. There is no indication that Defendants have been served, Plaintiff's Complaint remains insufficiently pled, and Plaintiff has willfully disobeyed and neglected the Court's show cause Order and failed to prosecute his civil action with reasonable promptness. Particularly considering the numerous opportunities the Court has given Plaintiff to prosecute this action, no sanction less severe than dismissal with prejudice would suffice to remedy Plaintiff's record of delay and willful contempt. If Plaintiff were permitted to refile this action, Defendants would be forced to defend claims that already appear to be untimely and Plaintiff would be rewarded for his repeated failure to abide by this Court's directives.

## CONCLUSION

For the reasons set forth above, the Court **DISMISSES** this action **WITH PREJUDICE**. The Clerk of Court is directed to enter the appropriate judgment of dismissal and to **CLOSE** this case.

**SO ORDERED**, this 3rd day of April, 2020.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA